**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JOEL ANDERSON, *Class Representative for #1 John Anonymous; #2 John Anonymous; #3 John Anonymous; #4 John Anonymous; & #5 John Anonymous*,

          Plaintiffs,

- v -             Civ. No. 9:08-CV-0793
                  (TJM/RFT)
THE NEW YORK STATE DEPARTMENT OF
CORRECTIONAL SERVICES, *et al.*,[1]

          Defendants.

---

**APPEARANCES:**         **OF COUNSEL:**

JOEL ANDERSON
03-A-3649
Plaintiff, *Pro se*
Eastern Correctional Facility
Box 338
Napanoch, New York 12458

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

   The Clerk has sent to the Court for review a civil rights Complaint from *pro se* Plaintiff Joel Anderson, who is currently incarcerated at Eastern Correctional Facility. Dkt. No. 1, Compl. Plaintiff has also filed a Motion to Proceed *in Forma Pauperis* and an Inmate Authorization Form. Dkt. Nos. 2 & 7. According to Plaintiff, he and other inmates housed in the Ulster County Jail and the Eastern Correctional Facility have been and continue to be exposed to unsanitary living conditions, including, but not limited to, lead paint on the walls in the dorms, polluted/toxic drinking

---

[1] Defendant William D. Brown, Superintendent of Eastern Correctional Facility was inadvertently omitted from the caption in the docket report. We will direct the clerk to add Defendant Brown.

water, polluted air, poor ventilation, and mold. He further asserts that Eastern Correctional Facility has an inadequate law library and that prison officials have a custom, practice, and policy of inhibiting prisoners' attempts to access the courts to redress the unsanitary living conditions. Plaintiff states he brings this action pursuant to a host of federal statutes, including 42 U.S.C. § 1983, for violation of his First, Eighth, and Fourteenth Amendment rights, as well as the Clean Water Act, 33 U.S.C. § 1365, the Federal Water Pollution Control Act, 33 U.S.C. § 1365, the Safe Drinking Water Act, 42 U.S.C. § 300j-8, the Clean Air Act, 42 U.S.C. § 7604, the Resource Conservation and Recovery Act, 42 U.S.C. § 6972, and the Toxic Substance Control Act, 15 U.S.C. § 2619.

### A. *In Forma Pauperis* Application

Turning first to Plaintiff's *in Forma Pauperis* Application, after reviewing the entire file, the Court finds that Anderson may properly proceed with this matter *in forma pauperis*.

### B. Class Action and Anonymous Plaintiffs

Anderson asserts that he is bringing this action on his own behalf and on behalf of all other inmates similarly situated. By the Complaint, he seeks to have this matter certified as a class action under Federal Rule of Civil Procedure 23. It is well settled that a class action cannot be maintained by a *pro se* litigant as non-attorneys may not represent anyone other than themselves. *Miller v. Zerillo*, 2007 WL 4898361, at *1 (E.D.N.Y. Nov. 2, 2007) (citing cases and recommending denial of class certification without prejudice until an attorney makes an appearance); *see also Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); 28 U.S.C. § 1654. Since Anderson is not an attorney, his request to have this matter class certified must be **denied** without prejudice for renewal in the event an attorney appears on Anderson's behalf.

Next we address the five Plaintiffs who seek to pursue this action anonymously. Pursuant to Federal Rule of Civil Procedure 10(a) "[t]he title of the complaint must name all the parties[.]" As a matter of policy, this requirement allows for "public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188 (2d Cir. 2008). Despite this general principle, "federal courts have permitted a party to proceed under a pseudonym when special circumstances warrant anonymity." *Doe v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006) (collecting cases). The Second Circuit recently held that "when determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d at 189. The decision of whether to allow a plaintiff to proceed anonymously rests with the discretion of the court after considering a factor-driven balancing inquiry, which should include consideration of, but not limited to, the following:

> (1) whether the litigation involves matters that are highly sensitive and [of a] personal nature;
> (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties;
> (3) whether identification presents other harms and the likely severity of those harms;
> (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age;
> (5) whether the suit is challenging the actions of the government or that of private parties;
> (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;
> (7) whether the plaintiff's identity has thus far been kept confidential;
> (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity;

> (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and
> (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id*. at 190 (internal quotation marks and citations omitted).

According to the Complaint, "because of the intimate and personal nature" of this action, the five John Anonymous Plaintiffs, who are all incarcerated at Eastern Correctional Facility, wish to proceed anonymously to "prevent the Defendant(s) from using retaliatory type measures to separate the Plaintiff Class and otherwise sabotage the suit." Compl. at ¶ 6. Anderson asserts that the five anonymous Plaintiffs are prepared to reveal their identities to the Court at such time and manner as the Court deems appropriate. *Id*. For purposes of filing applications to proceed *in forma pauperis*, the five anonymous Plaintiffs ask for an order directing the Clerk not to place any identifiable information in the request for inmate account information to the Defendant administrators. *Id*. Yet, no identifying information was provided to the Court nor were any motions to proceed *in forma pauperis* submitted on behalf of the unnamed Plaintiffs. With this limited record, the Court is unable to render the fact-intensive inquiry as required by the Second Circuit. Because there is at least one viable Plaintiff who has not asked to proceed anonymously, and because we find that the Complaint passes the Court's initial review, we propose that the District Court deny the request to proceed anonymously without prejudice and allow for the matter to proceed on behalf of Anderson, who has been granted *in forma pauperis* status. The five anonymous Plaintiffs may seek to re-join this action with a pseudonym after the required showing has been made.

**WHEREFORE**, it is hereby

**ORDERED**, that Anderson's *In Forma Pauperis* Application (Dkt. No. 2) is **granted;**[2] and it is further

**ORDERED**, that the Clerk of the Court add Defendant William D. Brown, Superintendent of Eastern Correctional Facility, to the Docket as his name was inadvertently omitted by the Clerk; and it is further

**RECOMMENDED**, that the Plaintiff's Request in his Complaint for Class Certification be **denied without prejudice** with leave to renew in the event the Plaintiff obtains an attorney to represent him in this matter; and it is further

**RECOMMENDED**, that the Five Anonymous John Plaintiffs' request to proceed in this matter under a pseudonym be **denied without prejudice** with leave to renew in the event the proper showing can be made.  Because of the failure to identify the Five Anonymous John Plaintiffs in the Complaint, the Court recommends dismissing these parties from the action with leave to rejoin.  In the event these Anonymous Plaintiffs seek to rejoin the action, they must file applications to proceed *in forma pauperis* and inmate authorization forms or submit the entire filing fee of $350. Furthermore, upon seeking to rejoin this action, the Five Anonymous Plaintiffs must submit, under seal if necessary, a showing as to why they should proceed under pseudonyms; and it is further

**RECOMMENDED**, that in light of the fact that *pro se* Plaintiff Joel Anderson has been granted *in forma pauperis* status and because the Complaint survives the Court's initial review, the matter should proceed on behalf of Joel Anderson alone.  In the event the District Court adopts these recommendations, the Court has attached a proposed Order to be issued directing the Clerk to issue

---

[2] Although his *In Forma Pauperis* Application has been granted, Plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

Summonses and forward them to the Marshal for service on the named Defendants.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:   October 9, 2008
        Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JOEL ANDERSON

                Plaintiff,

- v -                            Civ. No. 9:08-CV-0793
                                              (TJM/RFT)

THE NEW YORK STATE DEPARTMENT OF
CORRECTIONAL SERVICES, *et al.*,

                Defendants.

**APPEARANCES:**                          **OF COUNSEL:**

JOEL ANDERSON
03-A-3649
Plaintiff, *Pro se*
Eastern Correctional Facility
Box 338
Napanoch, New York 12458

**THOMAS J. McAVOY**
**Senior United States District Judge**

## ORDER

    After due consideration, it is hereby

    **ORDERED**, that the Clerk shall issue Summonses and forward them, along with copies of the Complaint, to the United States Marshal for service upon the Defendants.  The Clerk shall forward a copy of the Summons and Complaint to the Office of the New York State Attorney General, and the Ulster County Attorney, Joshua Koplovitz, at P.O. Box 1800, Kingston, New York 12402, together with a copy of this Order; and it is further

    **ORDERED**, that the Clerk provide the Superintendent of the facility, designated by Plaintiff as his current location, with a copy of Plaintiff's Inmate Authorization Form (Dkt. No. 7), and notify the official that this action has been filed and that Plaintiff is required to pay the entire statutory

filing fee of $350.00 pursuant to 28 U.S.C. § 1915; and it is further

**ORDERED**, that the Clerk provide a copy of Plaintiff's Inmate Authorization Form to the Financial Deputy of the Clerk's Office; and it is further

**ORDERED**, that a response to Plaintiff's Complaint be filed by the Defendants or their counsel as provided for in the Federal Rules of Civil Procedure after service of process on the Defendants; and it is further

**ORDERED**, that all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  **<u>Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel.  Any document received by the Clerk or the Court which does not include a proper certificate of service will be returned, without processing.</u>**  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions.  **<u>Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in Plaintiff's address; his failure to do so will result in the dismissal of this action</u>**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on Plaintiff by regular mail.

**IT IS SO ORDERED.**

Date:
      Binghamton, New York

 

_____
Thomas J. McAvoy
Senior United States District Judge